Next case, Siegel v. Frazier, 5-14-0493, counsel for the appellant. Please state your name for the record and you may proceed. May it please the court. Counsel. I'm on behalf of Robin Frazier. Ms. Frazier has two arguments on appeal, but we'll focus on the first one unless there's any questions. Ms. Frazier was convicted of criminal sexual assault based on a position of trust, supervision, and authority. This was after a bench trial where a defense counsel filed a motion to dismiss the state's information mid-trial rather than pre-trial based on its misapprehension of the law. This is well established in Illinois Supreme Court law. So to review the facts a little bit, the allegations between Ms. Frazier and BH occurred on July 24, 2011. Ms. Frazier was employed at a residential treatment facility for youth, ages 12 to 18, and BH was a 17-year-old female resident there. At trial, the state calls BH to the stand, asks a few questions, and then defense counsel stands up and files his motion to dismiss. He says at trial that had he filed his motion before Jeopardy! attached, he would have committed ineffective assistance of counsel. At a subsequent motion to dismiss hearing, he continues his argument but adds that the trial court shouldn't have to address the standard of review, that it was irrelevant here, that Ms. Frazier didn't have to show prejudice. His argument continues after the trial court denies the motion to dismiss at a post-trial motion. At the post-trial motion hearing, defense counsel continues saying all of the state's cases that were presented at the motion to dismiss hearing were post-trial or appeal cases, and Ms. Frazier's case was a mid-trial motion to dismiss. Therefore, she didn't have to show prejudice. The well-established Illinois Supreme Court law is that there's two categories for a motion to dismiss. The first category, or Category 1, is pretrial motions. Pretrial motions to dismiss are where the state has the burden of proof. The state must strictly comply with the pleading requirements. The defense does not have to show any prejudice. Category 2 is where the defense does have to show prejudice. So this is a higher, more stringent standard, and the state's standard is now reduced. It's a more relaxed standard where the charging document is sufficient if the defense is able to prepare defense. And it allows the pleading result, pleading a resulting conviction as a bar for future prosecution on the same conduct. Illinois courts have over and over again stated that the timing of a motion to dismiss is crucial in determining the standard of review. This is what defense counsel failed to recognize, pretrial, at trial, and post-trial. Here, defense counsel actively and purposely pursued this tactic where he filed this motion mid-trial. And the trial court actually admits that the state's information was lacking in specificity and particularity, but this motion was filed mid-trial, not pretrial. Thus, Ms. Frazier's defense counsel, his performance was sufficient. For the prejudice problem, Ms. Frazier failed to show prejudice because the test is a reasonable probability that the results of the proceedings would have been different. Here, because of the unique facts of Ms. Frazier's case, we argue that she can establish prejudice, that there is a reasonable probability that the state would not have recharged against Ms. Frazier. The facts here show that BH was a resident. She was 17 years old, and ignoring the fact that this was based on a position of trust, supervision, and authority, this would have been 17 years old is an age of consent in Illinois. It was not BH who actually complained about this issue. BH's mother found text messages between Ms. Frazier and BH and reported this to authorities. BH was, at least on an occasion or two, unavailable. The state was unable to find her. Her whereabouts were unknown. She wasn't actively trying to pursue this case against Ms. Frazier, and that's the same for the state. The state kind of had a relaxed prosecution. They weren't actively pursuing Ms. Frazier. It can be shown by the record where the alleged incident happened in July 2011. An Illinois state police officer interviewed Ms. Frazier in August 2011, and nothing happens for about a year and a half. For about 16 months, nothing happens. And in December 2012, the state finally charged Ms. Frazier. At the first hearing, the state recommends Ms. Frazier stay out of the recognizance bond, doesn't have to put down any money, doesn't have to do anything. And this is when Ms. Frazier was actually living in Wisconsin, so they were willing to let her go out of the recognizance bond. And this was – and BH's testimony was essential in this case. Thus, the state continued the case when BH wasn't available. And where Ms. Frazier maintained her innocence throughout the case, Ms. Frazier believes that the state would not have actually pursued this actively. Therefore, there's a reasonable probability that the state would not have recharged Ms. Frazier after the trial court dismissed a pretrial motion to dismiss. Additionally, Ms. Frazier did not have any criminal history. The state offered a plea bargain before trial of the minimum. And even after trial, the state continued to recommend the minimum, and that's what she got. So, based on all the facts, looking over the entire case, defense counsel was defective for filing this motion mid-trial rather than pre-trial. Once again, the trial court stated that the state's information was lacking in specificity and particularity. Thus, had this been filed pre-trial, it would have had to be dismissed. Are there any questions? Thank you, counsel. We'll have an opportunity for a rebuttal. Counsel for the appellee. Good morning, Your Honors. Counsel, may it please the court, Kelly Stacey, appearing on behalf of the people. Many times in a case on direct appeal, when there's an allegation of ineffective assistance of counsel, we're sort of left to wonder what precipitated counsel's decision in the trial strategy. But in this case, it's pretty clear why he did what he did in waiting until the swearing-in of the first witness to move to dismiss the case. We can affirmatively see on the record because he did explain this to the trial court. On appeal, defendant argues her attorney should have filed the motion to dismiss the case before trial, but had he done so, that would not have been effective. Certainly, had he moved to dismiss pre-trial, the case would have been dismissed. The trial court found that the charging instrument did not meet the pleading requirements because the state was required to show what that position of trust was between the defendant and BH, and that was not pleaded. So there was a substantial defect in the charging instrument. But as a matter of law, a dismissal pre-trial would have been a dismissal without prejudice to refile. That's at 725 ILCS 5-114-1E. And in this case, as defense counsel stated to the court, it wasn't BH that pursued this case. It was BH's mother. The text messages that defendants sent were sent to BH's mother's phone. So if you can imagine a mother whose daughter is getting text messages like this, she would not let this case lie. She would be calling the state saying, you've got to refile this, and she would be standing up for her daughter that demanding prosecution in the case. In any event, the state does not have to show that it would have refiled if the defense is alleging ineffective assistance. Saying the state may not have refiled is really nothing more than speculation. And to show ineffective assistance, the defense has to show actual prejudice in the case. So why did counsel wait until the swearing-in of the first witness to move to dismiss? Simple answer is jeopardy had attached. Had counsel moved to dismiss before trial, again, the case would have been refiled, and there would really not be much of a defense, although a defense counsel was able to present a defense in the case. But here, he did at least have a shot. If he could convince the court that they really did have prejudice because of the inability of the state to allege the position of trust in the charging instrument, had he been able to show the court this did inhibit our ability to present a defense, that dismissal would have been with prejudice. Again, there was a lot of evidence in this case. BH testified, and the court found BH to be credible. The court found that the defendant's testimony really did not add up many holes in the case. Bottom line on this case is this was textbook trial strategy. The record affirmatively shows why trial counsel waited. He said had he filed a pretrial, the state would have been able to refile, and he's correct. They would have been, and I believe in this case the state would have refiled because it was the mother's cell phone that had been used. Defendant did testify in her own defense, and defense counsel made objections in the case. He even found a witness who was able to come in and testify, hey, BH has done this sort of thing before. She made allegations against someone in the past, and it turned out to be those turned out to be false allegations. She was a runaway. But all of those things about the state not being able to find BH, had that pretrial dismissal occurred, there still would have been time for the state to find BH, and by the time of trial, she did show up. And in this case, there's ample evidence in the record that why counsel did what he did, and he did tell the court had he filed a pretrial he believed it would have been ineffective assistance. And even if this court doesn't agree with the stance that trial counsel took, that is not enough to establish ineffective assistance. It's judged from the time of trial, and it's judged from the standpoint of defense counsel, not hindsight. Even if this court believes it's a matter of court judgment to do so, there was a reasonably articulated trial strategy here, and the state, if there are no questions on this, would respectfully ask you to affirm it. Thank you, Your Honor. Thank you, counsel. We follow. Yes, Your Honor. Ms. Fischer would like to begin with a quote from Spahn, People v. Spahn. Illinois courts of review have found ineffective assistance of counsel as opposed to trial strategy when the pretrial motion that counsel failed to present was defendant's strongest defense or patently meritorious. The state argues that there is no actual prejudice here. However, there is, and the record shows it. Defense counsel filing a mid-trial motion to dismiss subjected Ms. Fischer's motion to a higher, more stringent standard of strong prejudice. This is prejudice. And the state argues that Ms. Fischer makes a lot of speculations. However, the state also makes a speculation that the state undoubtedly, aggressively would have pursued this case, would have recharged. But all Ms. Fischer has to show is a reasonable probability that the state would not have recharged. And the facts and the records support Ms. Fischer's argument here. The state was really relaxed in prosecuting Ms. Fischer, that, yes, it was BH's mom, potentially, that was pursuing this case. But even so, BH's mom was unable to keep BH, locate BH, know where her whereabouts were. Thus, the state had to continue this case. And Ms. Frasier would like to make clear that it isn't trial strategy if it's based on a misapprehension of the law. Defense counsel pre-trial, mid-trial, and post-trial kept arguing that Ms. Frasier's motion to dismiss was not subject to a prejudice standard. This is incorrect. The Illinois Supreme Court law clearly states that the motion, or the timing of the motion, is crucial. And mid-trial, post-trial, and motions on appeal to dismiss the state's charging document has this prejudice standard that applies to defense. And the state states that defense counsel's actions were a trial strategy. But defense counsel, when he argues this motion to dismiss, argues that the defense doesn't have to show prejudice. She shouldn't have to show prejudice. And that's the law. He states to people these sparks, which is an appellate court case, which was a pre-trial motion to dismiss case. Yes, the charge there was also a criminal sexual assault. But the timing of the motion was different. And I think that's the main point here, is that defense counsel failed to recognize that the timing was so crucial. Thus, in sum, the state speculates as well that the state undoubtedly, absolutely would have filed this motion to dismiss, or would have filed, would have recharged Ms. Frasier. However, the record shows a relaxed prosecution in this case. Thus, Ms. Frasier is able to show that there's a reasonable probability that the state would not have recharged her. Accordingly, Ms. Frasier asks that this court reverse the remand for a new trial due to the ineffective assistance of defense counsel. Are there any questions? Thank you, counsel. The court will take this matter under advisement and issue a decision in due course.